United States District Court
Southern District of Texas
**ENTERED**
September 30, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID H. MCCALLISTER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-239 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

This is a *pro se* prisoner civil rights action originally filed in early 2016 in the Western District of Texas. (D.E. 1). On February 26, 2016, this case was dismissed and a final judgment was entered. (D.E. 8). Plaintiff filed an appeal and in early 2018, the United States Court of Appeals for the Fifth Circuit vacated the final judgment and remanded the case to the Western District of Texas for further consideration. (D.E. 18). On April 9, 2019, Plaintiff was ordered to file an amended complaint, using the standard § 1983 form, to cure the deficiencies in his amended complaint. (D.E. 19 and D.E. 20). An extension was granted, making Plaintiff's amended complaint due on or before June 23, 2019. (D.E. 24). Plaintiff was then granted a further extension to August 18, 2019. (D.E. 29). On July 30, 2019, Plaintiff filed a response indicating his complaints concerned his current prison conditions. Plaintiff did not complete a standard § 1983 form as directed. However, as Plaintiff had been transferred to a facility within the

Southern District of Texas, this case was transferred, assigned to United States District Judge David Morales and referred to the undersigned Magistrate Judge.

Reviewing the case, the undersigned found Plaintiff had not complied with the Court's previous orders to file an amended complaint on the standard 1983 form. Given the case transfer, the undersigned found a short extension was warranted for Plaintiff to comply. Further, the undersigned noted that while Plaintiff paid the appellate filing fee in this case, he had not paid the District Court filing fee nor has he been granted permission to proceed *in forma pauperis*. Therefore, on August 20, 2019, Plaintiff was ordered to file an amended complaint containing all of his allegations using the standard § 1983 form and to either pay the requisite District Court filing fee or to file an application for leave to proceed *in forma pauperis* along with a certified copy of his prison trust fund account statement on or before September 20, 2019. (D.E. 35). Plaintiff was cautioned that a district court may dismiss an action for failure to prosecute or to comply with an order of the Court. *McCullough v. Lynaugh,* 835 F.2d 1126 (5th Cir.1988); Fed. R. Civ. P. 41(b); (D.E. 35, Page 2). To date, Plaintiff has failed to comply.

On August 28, 2019, Plaintiff filed a notice of non-consent and objections to the undersigned's handling of this matter. (D.E. 36). However, the undersigned is permitted to resolve all pre-trial, non-dispositive matters without the parties' consent pursuant to 28 U.S.C. § 636. On September 19, 2019, Plaintiff filed a Motion to Correct the caption in this case. (D.E. 37). In the Motion, Plaintiff also states he paid the filing fee in this matter for both this case and his appeal, having paid a total of $505.00, and that he had completed the 1983 form as requested. He further requests his case be transferred back to

the Western District of Texas, San Antonio Division. However, a review of the docket shows Plaintiff has not paid the filing fee in this case, having only paid the $505.00 appellate filing fee. Further, the Court has not received a completed 1983 form to date. Plaintiff has previously been sent at least two copies of the standard § 1983 form. (D.E. 19 and D.E. 35). Additionally, this case is properly before this Court for the reasons stated in the transfer order. (D.E. 32).

Plaintiff was first ordered to file an amended complaint on April 9, 2019. (D.E. 19). He has been given several extensions but has failed to comply. Further, he has failed to either pay the requisite District Court filing fee or to file an application for leave to proceed *in forma pauperis* along with a certified copy of his prison trust fund account statement as ordered. Therefore, it is respectfully recommended that Plaintiff's case be **DISMISSED** pursuant to Fed.R.Civ.P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute).

ORDERED this 30th day of September, 2019.

                                                  Jason B. Libby
                                       United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).